**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICKY WINFIELD SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22-cv-03025 |
| | ) | |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| DAVID BRUMFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rickey Winfield Sr. filed his complaint against Defendant David Brumfield pursuant to 42 U.S.C. § 1983, alleging Brumfield solicited another detainee to attack Winfield after an argument between the parties over the upcoming Super Bowl matchup. Before the Court is Brumfield's motion for summary judgment [45] pursuant to Federal Rule of Civil Procedure 56(a). For the following reasons, the Court denies the motion.

**Initial Matters**

As an initial matter, the Court reviews the parties' statements for compliance with Local Rule 56.1, which "aims to make summary-judgment decisionmaking manageable for courts." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019). "Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." Local Rule 56.1(e)(3) (N.D. Ill.); *see Edwards v. Maestro Food Co.*, No. 19 CV 8451, 2021 WL 4258976, at *1 (N.D. Ill. June 3, 2021) (Shah, J.).

Here, Winfield's failed to submit a response to Brumfield's statement of material facts as required by Local Rule 56.1(b)(3). Accordingly, the Court deems Brumfield's facts admitted. *See Coleman v. Goodwill Indus. of Se. Wisconsin, Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011) (affirming district court in admitting defendant's statement of facts where plaintiff failed to submit a paragraph-by-

paragraph response to defendant's proposed facts with citations to the record). Notwithstanding

these admissions, the Court construes Brumfield's submissions, and the record evidence, in the light

most favorable to Winfield.

**Background**

The following facts are undisputed. Plaintiff Rickey Winfield Sr. is a pretrial detainee in

custody of the Cook County Department of Corrections ("CCDOC"). Defendant David Brumfield

is a CCDOC correctional officer.

Winfield testified in a deposition that on December 1, 2020, he discussed the upcoming

Super Bowl with Brumfield. Winfield believed that the Kansas City Chiefs would win the Super

Bowl whereas Brumfield believed the New England Patriots would win. Winfield testified that the

discussion escalated into an argument, and Brumfield made a threat to Winfield that he would solicit

another detainee to attack him. Shortly thereafter, while Winfield was on the phone, another

detainee doused Winfield with a mixture of hot chemicals, causing second degree burns and other

physical and mental injuries.

CCODOC has a formal grievance policy. Individuals in custody of CCDOC have fifteen

days to grieve an incident. Once a response to a submitted grievance is issued by the CCDOC,

individual in custody have fifteen days to appeal the response. On December 1, 2020, the same day

of the incident, Winfield submitted a grievance regarding the incident after receiving medical

treatment. The grievance states:

> I was currently sitting on the phone talking to my family when another inmate boil hot
> koolaid mix with hair grease and magic shave and threw it the microwave and threw it on me
> intentionally[.] I'm suffering from pain and suffering and I'm also tramutized [sic] and afraid
> to be around any one near the microwave[.] I also suffer from second degree burns[.]

Dkt. [45], Ex. 1 at ¶ 5. The grievance says nothing about Brumfield or the underlying facts

leading up to the attack. On December 31, Winfield received a response and appealed with

additional information about his injuries. The appeal stated:

I'm still suffering from second degree burn my skin on my chest will never be the same I'm also traumatized and afraid to be around people who boiling things in the microwave I even have bad dreams and wake up in cold sweats in my dream I relive the hold [sic] situation again[.]

*Id.* at ¶ 5. Winfield's appeal did not mention Brumfield or any discussions about football. Winfield later filed the instant lawsuit. In his complaint, Winfield alleges that he discussed the Super Bowl with Brumfield on December 1, 2020. Winfield further alleges that the conversation escalated into a "heated argument" and that Brumfield threatened to have another detainee harm Winfield. *Id.* at ¶ 21. Winfield describes the alleged attack and accuses Brumfield of telling Winfield's alleged assailant "I told you to fuck him up when I'm not on the tier." *Id.* at ¶ 22. Winfield describes this as the moment he realized that Brumfield "really took [Winfield's] dislike for New England Patriots to heart and this should have never happened because I am a Kansas City Chief fan." *Id.* at ¶ 23.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris,* 550 U.S. 372, 380 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson,* 477 U.S. at 255 (quotation omitted).

**Discussion**

"Federal courts lack discretion to consider a claim that has not traveled the required administrative path." *Bowers v. Dart*, 1 F.4th 513, 518 (7th Cir. 2021). For the purposes of a prisoner's

§ 1983 claim like Winfield's, "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). To properly exhaust administrative remedies, an inmate "must comply with the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015), and their administrative grievance must give "notice of, and an opportunity to correct" the alleged misconduct. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

The Seventh Circuit's holding in *Bowers v. Dart*, 1 F.4th 513, 518 (7th Cir. 2021) is instructive. In *Bowers,* the plaintiff filed a grievance that the officer on duty did not respond to his cries for help during an attack by other inmates, but in his complaint alleged that three guards were aware of the threat before the attack and did not act to stop it. *Bowers*, 1 F.4th at 518. The Seventh Circuit affirmed the District Court's finding that there was too great a "disconnect" between the allegations in the grievance and complaint for the plaintiff to have properly exhausted his administrative remedies. *Id.*

Here, like in *Bowers,* Winfield's allegations of wrongdoing by prison personnel were not included in the original grievance. Winfield's grievance did not give CCDOC notice of the allegations in the complaint against Brumfield. In fact, it did not mention him or any incident with a correctional officer. It painted a picture of an unprovoked attack by a fellow detainee rather than a violation of Winfield's constitutional rights by Brumfield. This grievance was plainly insufficient to satisfy the exhaustion requirement.

Because Winfield failed to satisfy the exhaustion requirement, the Court must determine if: "(a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has not unexhausted administrative remedies, the failure to exhaust was innocent ... and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's

not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

Winfield argues that his failure was innocent because he "was only aware that [he] was supposed to grieve the attack and ... not aware [he] was supposed to grieve what lead to the attack." Brumfield argues that the failure was Winfield's fault because "nothing prevented him from describing the incident in his grievance as he described the incident in his complaint," or in his appeal from the grievance response. While it is true that Plaintiff could have included the information in the initial grievance, this Court recognizes that Plaintiff, as a *pro se* litigant, was not aware of the specific requirements for the grievance procedure. Additionally, Defendant does not dispute any of the actual substance of Plaintiff's allegations of deposition testimony. Rather than grant summary judgment because Plaintiff was unaware of the level of detail he was to provide in his pleadings, this Court finds that waiver of the administrative remedies requirement to be more appropriate.

**Conclusion**

For the foregoing reasons, the Court denies Brumfield's motion for summary judgment. An in-person status hearing is set for August 30, 2024, to determine the parties' next steps.

**IT IS SO ORDERED.**

Date: 8/2/2024

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

5