UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKEY WINFIELD, SR.,<br><br>Plaintiff,<br><br>v.<br><br>DAVID BRUMFIELD,<br><br>Defendant. | Civil action 1:22-cv-03025<br><br>The Honorable Sharon Johnson Coleman<br>Courtroom 1241 |

DEFENDANT BRUMFIELD'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT (ECF 24)

August 11, 2024.

Respectfully submitted,

/s/Jonathan Wheeler
Assistant State's Attorney
Cook County State's Attorney's Office
50 West Washington Street
Suite 500
Chicago, Illinois 60602
Telephone +1 (312) 603-4389
jonathan.wheeler@cookcountysao.org
Attorney for Defendant

Defendant, David Brumfield—by and through undersigned counsel—answers and pleads his affirmative defenses to Plaintiff's Amended Complaint (ECF 24) as follows:

### ANSWER TO AMENDED COMPLAINT

1. On the date of December 1st 2020 at approximately 10:35 AM I Detainee Rickey Winfield was working as a tier worker[.]

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in this paragraph of Plaintiff's Amended Complaint.

2. In Division 6 as a tier worker I detainee Winfield converse in a debate with tier officer of who will win the Super bowl.

**ANSWER:** Denied.

3. The conversation escalated to a heated argument and tier officer threaten to have another detainee harm me physically[.]

**ANSWER:** Denied.

4. [A]s I shrug the tier officer off I went to get on the phone[.]

**ANSWER:** Denied.

5. [A]s I was on the phone he began shouting that "I'm gonna get you fucked up" as he starting letting top tier out for day room hours[.]

**ANSWER:** Denied.

6. [A]s minutes went by while I was on the phone talking to my family a young man threw hot water with hair grease and magic shave mix in it.

**ANSWER:** Admitted in part. Defendant admits that an inmate threw an orange liquid in Plaintiff's direction. Defendant lacks knowledge or information sufficient to form a belief about the nature of that liquid or whether it made contact with Plaintiff. Further answering, Defendant

1

denies any involvement in this incident and denies having any notice that Plaintiff would be attacked. Further answering, Defendant denies any wrongdoing or liability.

7. As I begin to defend myself the tier officer ran up shouting at the young man that threw the hot chemicals on me saying "I told you to fuck him up when I'm not on the tier[.]"

**ANSWER:** Denied.

8. At that moment is when I realize that the tier officer really took my dislike for New England Patriots to heart and this should have never happened because I am a Kansas City Chief fan.

**ANSWER:** Denied.

### RELIEF

I am suing for punitive damages of $75,000 for being punish for being a Kansas City Chief fan I am suing for monetary damages of $75,000.00. I am suing the defendant and his official and personal capacity.

**ANSWER:** Defendant denies that Plaintiff is entitled to relief. Defendant denies any wrongdoing or liability.

### AFFIRMATIVE DEFENSES

Without prejudice to the foregoing denials, Defendant pleads the following affirmative defenses to Plaintiff's Amended Complaint:

### 42 U.S.C. § 1997E(A)

1. Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e). *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

2. Plaintiff was a prisoner at all relevant times.

3. The PLRA prescribes that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

4. Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages.

5. Plaintiff failed to exhaust his administrative remedies properly. Therefore, his claims are barred.

### 42 U.S.C. § 1997E(E)

6. Plaintiff, a prisoner at all times relevant to this lawsuit, has requested damages for various injuries that he alleges Defendant caused.

7. Section 1997e(e) of the PLRA prescribes that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury that is greater than *de minimis* or the commission of a sexual act as defined in 18 U.S.C. § 2246.

8. Plaintiff cannot show that Defendant caused a physical injury that is greater than *de minimis* and, under Section 1997e(e) of the PLRA, cannot seek damages for any alleged mental distress.

### QUALIFIED IMMUNITY

9. Defendant's actions at all times were objectively reasonable and did not violate any of Plaintiff's clearly established constitutional rights.

10. Accordingly, Defendant is entitled to the qualified immunity defense.

3

### SECTION 2-202 OF THE TORT IMMUNITY ACT

11.     To the extent Plaintiff alleges any supplemental state law claims, Defendant acted neither willfully nor wantonly toward Plaintiff at any time.

12.     Therefore, Defendant is shielded from suit under the Illinois Tort Immunity Act. *See* 745 ILCS 10/2-202.

### SECTION 2-201 OF THE TORT IMMUNITY ACT

13.     Public employees serving in policymaking positions are immune from liability for injuries resulting from the creation or omission of discretionary policies under the Illinois Tort Immunity Act. 745 ILCS 10/2-201.

14.     To the extent that Plaintiff's allegations involve discretionary policies about jail administration, such allegations must be barred: They cannot establish liability under the Act.

### IMMUNITY FROM PUNITIVE DAMAGES

15.     To the extent that Plaintiff seeks punitive damages against any party in an official capacity, Defendant asserts immunity from punitive damages.

16.     First, an official capacity suit is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007).

17.     Second, a municipality is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

18.     Thus, any party in an official capacity is immune from punitive damages.

### SECTION 9-102 OF THE TORT IMMUNITY ACT

19.     A local public entity is empowered and directed to indemnify its employees for liability arising from the employee's scope of employment. 745 ILCS 10/9-102.

20.     To the extent that Plaintiff's claim requires indemnification, Defendant asserts

4

that, without a surviving federal claim based on the deprivation of Plaintiff's constitutional rights, an indemnification claim should also be dismissed. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

### FAILURE TO MITIGATE

21. At all relevant times, Plaintiff owed a duty to take reasonable measures to mitigate his alleged injuries and damages.

22. Plaintiff failed to mitigate his alleged injuries and damages.

### STATUTE OF LIMITATIONS

23. Plaintiff's claim is time barred by the statute of limitations.

Defendant reserves the right to add additional affirmative defenses throughout the course of the litigation of this case.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court enter an order

(a) dismissing Plaintiff's complaint with prejudice;

(b) assessing his costs against Plaintiff; and

(c) providing any other necessary and just relief.

**JURY TRIAL DEMANDED.** Defendant hereby requests trial by jury.

Respectfully submitted,

August 11, 2024.

/s/Jonathan Wheeler
Assistant State's Attorney
Cook County State's Attorney's Office
50 West Washington Street
Suite 500
Chicago, Illinois 60602
Telephone +1 (312) 603-4389
jonathan.wheeler@cookcountysao.org
Attorney for Defendant

5